ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- ) | |
| ) | |
| Khenj Logistics Group ) | ASBCA No. 61178 |
| ) | |
| Under Contract No. W91B4M-09-C-7173 ) | |

APPEARANCE FOR THE APPELLANT:      Mr. Ismail
                                   Corporate Officer

APPEARANCES FOR THE GOVERNMENT:    Raymond M. Saunders, Esq.
                                    Army Chief Trial Attorney
                                   LTC Joseph J. Jankunis, JA
                                    Trial Attorney

## OPINION BY ADMINISTRATIVE JUDGE KINNER ON THE GOVERNMENT'S MOTION FOR SUMMARY JUDGMENT

The government has moved to dismiss this appeal as time-barred pursuant to the Contract Disputes Act (CDA) statute of limitations. 41 U.S.C. § 7103(a)(4)(A). Appellant, acting *pro se*, filed an opposition to the motion arguing that it is entitled to the relief sought. Summary judgment will be granted on this issue if there are no genuine issues as to a material fact and the government is entitled to judgment as a matter of law. *The Adamant Grp. for Contracting & Gen. Trading*, ASBCA No. 60316, 16-1 BCA ¶ 36,577 at 178,136 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

## STATEMENT OF FACTS FOR PURPOSES OF THE MOTION

The following facts are undisputed. On 14 May 2009, Khenj Logistics Group (KLG) was awarded a contract to construct a facility known as "ANA Kandak Beddown West," in Farah Province, Afghanistan (R4, tabs 14-15). The facility would consist of barracks, support buildings and bunkers (R4, tab 4 at 5). The contract was to be performed within 100 days after KLG received the notice to proceed (R4, tab 3 at 1). Work was to begin within 7 days of that notice (*id.* at 6). Contract line item number 0003 required KLG to obtain worker compensation insurance pursuant to the Defense Base Act (DBA) (*id.* at 4). FAR 52.249-2, TERMINATION FOR CONVENIENCE OF THE GOVERNMENT (FIXED-PRICE) (MAY 2004)—ALT. I, was included by reference (*id.* at 15).

KLG received the notice to proceed 27 May 2009 (R4, tab 16). It commenced performance 1 June 2009, by purchasing DBA insurance for the period of performance for $750 (R4, tab 17). KLG also procured materials to prepare for the construction work (R4, tab 29 at 39).

The Army issued a stop-work order on 5 June 2009 because the location for the facility had changed (R4, tabs 21, 29 at 37). The Army terminated the contract for convenience on 10 June 2009 (R4, tab 22). The contracting officer, United States Air Force Technical Sergeant (TSgt), Alex Gross, assured KLG that it was not responsible for the termination and that he expected KLG to successfully perform other projects (R4, tab 29 at 40).

TSgt Gross also inquired on 5 June 2009 with KLG whether it could confirm its payment for the DBA insurance and whether it would retain the materials it had purchased (R4, tab 29 at 39). TSgt Gross assured KLG that the government would reimburse the cost of the insurance. He also stated the government would reimburse the cost of the materials if KLG decided not to keep them for future work. (*Id.*)

On 14 June 2009, the parties executed a bilateral contract modification which terminated the contract for convenience (R4, tab 22). The government agreed to pay KLG the cost of the DBA insurance, and KLG released further claims against the government (*id.*).

KLG describes its attempts to contact the contracting officer after the meeting on 14 June 2009, first by telephone and second by visiting the base in Afghanistan. KLG was turned away at the gate. There is no evidence of further attempts by KLG to contact the contracting officer. The latest record related to the government's payment of KLG's DBA insurance cost is 21 October 2009, over four months following the promise to pay for materials on 5 June 2009 (R4, tab 28).

KLG submitted a claim to the Army Contracting Command at Rock Island on 6 March 2017 (R4, tab 29 at 43-45). In its claim, KLG asserts that it procured materials for the project and transported them to the work site before the stop-work order. KLG requested $2,192,884 as reimbursement for the costs it had incurred. (*Id.* at 44-45) The contracting officer denied the claim on 18 May 2017 (R4, tab 36 at 7-8). The contracting officer concluded that KLG had retained the materials purchased and released claims against the government. This appeal followed.

DECISION

The government filed a motion asserting entitlement to summary judgment based upon KLG's release and asserting the claim was not filed within the statute of limitations of the CDA. In response, KLG argues that it delivered the materials purchased for the contract to the government. With its reply KLG provided copies of email correspondence in which TSgt Gross acknowledged receipt of the materials and promised to process the invoice submitted by KLG. Based upon that response, the government withdrew its motion for summary judgment regarding the release (gov't reply at 2).

The government maintains, however, that KLG's claim is barred by the CDA statute of limitations. The CDA requires that:

> Each claim by a contractor against the Federal Government relating to a contract and each claim by the Federal Government against a contractor relating to a contract shall be submitted within 6 years after the accrual of the claim.

41 U.S.C. § 7103(a)(4)(A). The government argues that KLG's claim accrued no later than 27 June 2009, the date of the email from TSgt Gross promising to promptly process the invoice (gov't reply at 2). A claim accrues when the events giving rise to liability were known or should have been known. *The Boeing Co.*, ASBCA No. 57490, 12-1 BCA ¶ 34,916 at 171,669. The government asserts KLG knew or should have known, the facts to support its claim for reimbursement of its material costs on that date. According to the government, to be timely, KLG had to submit its claim by 27 June 2015. That calculation is wrong. A promise by an Army official to pay for the materials purchased by KLG did not establish "all the events that fixed the alleged liability of the government" to permit assertion of a claim. (Gov't reply at 2) KLG claims the Army failed to pay following its promise to do so, not that the promise was made. No claim could accrue until KLG learned that the Army failed to honor the promise made by TSgt Gross.

On these facts, we can conclude that KLG would have possessed sufficient information following the government's last payment to conclude that payment of its materials invoice would not be made in accordance with TSgt Gross's promise. KLG certainly would have understood the Army would not make further payment within a year. However, extending the date of accrual to the following October does not help KLG. Even beginning the CDA six-year limitations period a year after the last date of government payment activity in October 2009, KLG's 6 May 2017 claim failed to meet that period, which ended 21 October 2016.

In its reply brief, the Army correctly recognizes that KLG's late submission of its claim does not end the statute of limitation inquiry (gov't reply at 3). KLG argues that it should not be deprived of its claim for material costs merely by the passage of the six-year limitation period when it believes the contracting officer committed to paying those costs (app. reply br. at 2). Equitable tolling applies to the CDA six-year time limitation. *Arctic Slope Native Ass'n, Ltd. v. Sebelius*, 583 F.3d 785, 798 (Fed. Cir. 2009). The Army correctly identifies the standard for application of equitable tolling utilized by the Supreme Court when considering an untimely claim pursuant to the CDA. The CDA's six-year limitation upon the submittal of a claim may be equitably tolled when a litigant has (1) been pursuing his rights diligently, and (2) some extraordinary external circumstance "stood in his way and prevented timely filing." *Menominee Indian Tribe of Wisconsin v. United States*, 136 S. Ct. 750, 755 (2016) (quoting *Holland v. Florida*, 560 U.S. 631 (2010)).

3

KLG does not identify any action it took to pursue its claim between October 2009 and March 2017. Nor does it identify a circumstance that impaired its ability to submit a claim. Notwithstanding KLG's unsuccessful attempts in June 2009, there was nothing preventing further contact with Army contracting officials to submit its claim, as confirmed by its successful submission in March 2017. Thus, it is unable to demonstrate either element of equitable tolling. KLG's delay in submitting its claim is "a garden variety claim of excusable neglect" for which equitable tolling provides no relief. *Menominee*, 136 S. Ct. at 757 (quoting *Holland*, 560 U.S. at 651).

## CONCLUSION

The government's motion for summary judgment is granted. The appeal is dismissed.

Dated: 15 February 2018

DONALD E. KINNER
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

J. REID PROUTY
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 61178, Appeal of Khenj Logistics Group, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

4